1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOLOMON E. HUGHES, et al., | Case No. 18-cv-00576-JSC |
| Plaintiffs, | **SECTION 1915 SCREENING OF INITIAL COMPLAINT** |
| v. | Re: Dkt. No. 1 |
| REALITY MORTGAGE, LLC, et al., | |
| Defendants. | |

Mr. Solomon E. Hughes and Mr. Leroy P. Hughes ("Plaintiffs") allege violations of, among other things, the federal False Claims Act arising from a 2010 mortgage modification culminating in a 2013 foreclosure.[1] (Dkt. No. 1.) Having granted Plaintiffs' Application to Proceed In Forma Pauperis, the Court now screens the complaint pursuant to 28 U.S.C. § 1915 and concludes that Plaintiffs' complaint is deficient for the reasons set forth below.

**COMPLAINT ALLEGATIONS**

The complaint does not contain a plain statement of facts and allegations. It appears that in 2005, Mr. Solomon P. Hughes entered into a 30-year mortgage providing for the purchase of real property situated at 1221 81st Avenue in Oakland, California. (Dkt. No. 1, Complaint, at 12-14.) Plaintiffs Solomon E. Hughes and Leroy P. Hughes came to own that property in 2007. (*Id*. at 22-23.) Nearly three years later, Plaintiffs "unwittingly entered into a loan modification agreement with a fixed interest balloon step through BAC Home Loans Servicing, LP." (*Id*. at 5, 24.) Plaintiffs attach a "Foreclosure Profile Report" showing that the property was foreclosed and sold at auction in July 2013. (*Id*. at 30.)

---

[1] Plaintiffs have consented to this Court's jurisdiction. (Dkt. No. 7.)

Plaintiffs seem to allege that Defendants have violated four statutes: (1) the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, implemented by 12 C.F.R. §§ 226.31-226.44 ("Regulation Z"); (2) the federal False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*; (3) California's False Claims Act ("CFCA"), Cal. Gov. Code § 12650 *et seq.*; and (4) the California Legal Remedies Act ("CLRA"), Cal Civ. Code § 1750 *et seq.* (*Id*. at 2-3, 7-9.)

With respect to the CLRA claim, "[d]efendants deliberately withheld information and access to mortgage loan remedies available to [Plaintiffs] in order to profit from continuing to service through Bank of America/Countrywide home loan servicing (B.A.C.)" in an act of "fraudulent concealment." (*Id*. at 7-8.)

The face of the complaint names several defendants: (1) Realty Mortgage, LLC; (2) Mortgage Electronics Registration System, Inc.; and (3) Bank of America. (*Id*. at 1.) The body of the complaint identifies other defendants: (4) The Bank of New York Trust Series 2006-2CB; (5) Bank of American Home Loans; (6) BAC Home Loans Servicing, LP; (7) Reconstruct Company, N.A.; and (8) DOES 1-50. (*Id*. at 4.) It is not clear what wrongdoing is attributed to which Defendants. However, with respect to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), Plaintiffs seem to imply—by way of webpage printouts appended to the complaint— that MERS was not licensed to do business in California at some time relevant to their claims. Those printouts seem to show that: (1) MERS did not have a California business license in 2002; and (2) MERS had an active Delaware business license in 2010. (*Id*.)

Plaintiffs are suing "individually and on behalf of the general public of the United States government and specifically the citizens of [California] pursuant to [Cal. Civ. Proc. Code § 382]." (*Id*. at 6; Dkt. No. 1-1.) This suit concerns a "common or general interest" of the public. (*Id*. at 6.) The Office of the Special Inspector General for the Troubled Asset Relief Program and the Consumer Financial Protection Bureau:

> [H]ave alleged that it was more lucrative for the lender to deliberately force otherwise qualified homeowners including [Plaintiffs] to programs outside of Home Affordable Modification Program (HAMP) so that it could either profit from foreclosure proceedings, to force the[m] into a costly proprietary mortgage modification [other] than HAMP would permi[t] or otherwise profit

from continuing to service the defaulting and defaulted mortgage.
(*Id*. at 8.)

## PLAINTIFFS' DECLARATION

Plaintiffs attach to the complaint a notarized declaration. (*Id*. at 10-11.) Plaintiffs state that "the Lenders" used "counterfeit documents with deliberately contrived false and misleading statements to take money from the government. (*Id*. at 10.) And then "lenders then used the stolen funds to invest through fraction banking which created trillions of dollars that the banks kept for themselves." (*Id*.)

The attached deed of trust "reveale[s] enumerable intentional errors and ambiguities ... which presen[t] as the signed confession that the USDOJ used to prosecute the lender under [18 U.S.C. § 1001], [15 U.S.C. § 1692e], [and 15 U.S.C. § 78ff]." (*Id*. at 10; 22-23, Grant Deed). Violations of those statutes "carry a $25 million dollar fine." (*Id*. at 11.) Upon a "verified submission" to the Department of Justice, they are entitled to "35%" of the "whistleblower fees ... or $8,750,000." (*Id*. at 10-11.)

In addition, the federal False Claims Act qui tam (whistleblower) provision allows "for the loan on the subject property to be erased with no mortgage balance owed." (*Id*. at 11.) Plaintiffs also state that "[i]f the borrower's credit was damaged, the lender is also required to repair and restore all damaged credit." (*Id*.)

## PLAINTIFFS' DOCUMENTS

Plaintiffs attach several documents to the complaint. The first document consists of several pages from a 2005 mortgage instrument. (*Id*. at 12-19.) It shows that: (1) the lender was Realty Mortgage, LLC; and (2) MERS was Realty's assigned agent and beneficiary. (*Id*. at 12.) The second document appears to be a Grant Deed, transferring the property to Plaintiffs (in equal share) in 2007. (*Id*. at 22-23.) The third is a Loan Modification Agreement showing that Plaintiff Solomon E. Hughes signed a "fixed interest rate balloon step" mortgage modification in September 2010. (*Id*. at 24-25.) The fourth is an "Illegible Notary Seal Declaration." (*Id*. at 27.) The fifth is a Foreclosure Profile Report showing that the property was sold at a foreclosure auction in July 2013. (*Id*. at 30.) The sixth and seventh documents show the status of MERS'

California and Delaware business licenses in May 2002 and July 2010, respectively.  (*Id*. at 31-34.)  There are several duplicative pages.  (*Id*. at 35-38, 41.)  The eighth document is a Prepayment Penalty Rider from October 2005.  (*Id*. at 39.)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  In other words, the complaint must allege facts that plausibly establish the defendant's liability.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  When a plaintiff files a complaint pro se, the court must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  When a claim is dismissed, a pro se plaintiff proceeding In Forma Pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984); *Lopez*, 203 F.3d at 1130-31.

## DISCUSSION

The Court has federal question jurisdiction over Plaintiffs' purported TILA and FCA claims and supplemental jurisdiction over Plaintiffs' other claims.

### A.  Federal Truth in Lending Act

The Truth in Lending Act ("TILA") seeks to "avoid the uninformed use of credit and to protect the consumer against inaccurate and unfair credit billing."  15 U.S.C. § 1601(a).  TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."  *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 and 1638).

Generally, TILA claims must be filed within one year of a violation.  15 U.S.C. § 1640(e).  A violation based on specific disclosures must be filed within three years of the

4

violation. 15 U.S.C. § 1639; *see also* 15 U.S.C. §§ 1639 (Requirements for certain mortgages); 1639b (Residential mortgage loan origination); and 1639c (Minimum standards for residential mortgage loans). Plaintiffs do not state a TILA claim for several reasons.

First, it appears that potential violations could have occurred in 2005 (mortgage), 2007 (grant deed); 2009 (date on a transferee/buyer form); 2010 (modification), and 2013 (foreclosure). (Dkt. No. 1 at 13, 22-25, 30.) Plaintiffs filed this action in January 2018. Therefore, Plaintiffs' claim appears to be untimely. *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) ("A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute [of limitations] is apparent on the face of the complaint.")

Second, plaintiffs cannot seek rescission, described by the complaint as "erasure" of the loan. (Dkt. No. 1 at 11.) The right of rescission requires that the lender be noticed within three years. 15 U.S.C § 1635(f) (three-year period to exercise right of rescission); *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (requiring written notice to lender within three years). And the right of recession ends with the sale of the property, including involuntary foreclosure. 15 U.S.C § 1635(f) ("right of rescission shall expire three years after the ... transaction *or upon sale of the property*") (emphasis added); *Hughes v. Residential Mortg. Capital*, No. C 09-4511 SI, 2010 WL 986998, at *2 (N.D. Cal. Mar. 17, 2010) (collecting cases where foreclosure barred rescission). Furthermore, the three-year limitation period is not subject to equitable tolling, as defined below. *Beach,* 523 U.S. at 412 ("[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.").

Third, even if the TILA claim was not otherwise barred, Plaintiffs allege no facts to support it. They attach a copy of a 2010 loan modification. (Dkt No. 1 at 24-25.) It appears to show the terms of the modification; that Plaintiff Solomon E. Hughes signed it; and that it was notarized. (*Id*. at 25.) Plaintiffs do not allege that the terms of the agreement are defective, or that Defendant(s) failed to disclose information required by TILA. No facts are alleged to support the contention that they were "unwittingly" induced to sign. Construing the complaint with the required liberality, the Court cannot identify a factual basis for Plaintiffs' TILA claim.

It appears the only way Plaintiffs may bring a TILA claim (excluding the right of rescission) is the doctrine of equitable tolling. Equitable tolling may "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover fraud or non-disclosures that form the basis of the TILA claim." *King v. California,* 784 F.2d 910, 914-15 (9th Cir. 1986). Courts in the Ninth Circuit "apply equitable tolling in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011). Here, while Plaintiffs state a bare allegation of fraudulent concealment, they allege no facts to support equitable tolling.

For all these reasons, Plaintiffs do not plausibly allege a TILA violation.

**B.      Federal and California False Claims Acts**

"Originally signed into law during the Civil War by President Abraham Lincoln, the False Claims Act exposes those who commit fraud against the federal government to ... penalties." *Am. Bankers Mgmt. Co., Inc. v. Heryford*, 885 F.3d 629, 634 (9th Cir. 2018). As Plaintiffs observe, whistleblower provisions under the CFA and CFCA allow private persons to bring civil suits. 31 U.S.C. § 3730(b); Cal. Gov. Code § 12652(c)(1). The CFCA is largely based on the FCA, and so "state courts turn to federal FCA case law for guidance in interpreting the CFCA." *Mao's Kitchen v. Mundy*, 209 Cal. App. 4th 132, 146, 146 (Cal. Rptr.3d 787 2012); *United States ex rel. Mateski v. Raytheon Co.*, No. 2:06-cv-03614-ODW (KSx), 2017 WL 3326452, at *3-4 (C.D. Cal. Aug. 3, 2017) (discussing types of claims). The Court thus considers the FCA and CFCA claims together.

As a threshold matter, the FCA and CFCA require courts to dismiss whistleblower claims based on information that has been disclosed publicly unless the filing party is an "original source" of the information. 31 U.S.C. § 3730(e)(4)(A); Cal. Gov. Code § 12652(d)(3)(A); *United States v. Kiewit Pac. Co.*, 41 F. Supp. 3d 796, 802 (N.D. Cal. 2014) (citing *Graham Cty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. 280, 294-95 (2010)). In particular, the FCA requires dismissal where:

> [S]ubstantially the same allegations or transactions as alleged in the action or claim were publicly disclosed (i) in a Federal criminal, civil, or administrative hearing in which the Government or its

United States District Court
Northern District of California

> agent is a party; (ii) in a congressional, Government Accountability
> Office, or other Federal report, hearing, audit, or investigation; or
> (iii) from the news media, unless the action is brought by the
> Attorney General or the person bringing the action is an original
> source of the information.

31 U.S.C. § 3730(e)(4)(A). The CFCA likewise requires dismissal of claims based on public information. Cal. Gov. Code § 12652(d)(3)(A).

Here, Plaintiffs seem to offer two allegations as the basis for the FCA and CFCA claims. First, they allege that the Office of the Special Inspector General for the Troubled Asset Relief Program and the Consumer Financial Protection Bureau have stated that lenders profited by directing otherwise qualified homeowners to programs other than the Home Affordable Modification Program. (Dkt. No. 1 at 8.) This allegation fails because it is grounded in public knowledge, which both the FCA and CFCA expressly prohibit. Second, Plaintiffs state in their declaration that "the Lenders" used "counterfeit documents with deliberately contrived false and misleading statements to take money from the government." (*Id*. at 10.) And "lenders then used the stolen funds to invest through fraction banking which created trillions of dollars that the banks kept for themselves." (*Id*.) The complaint does indicate the source of this information. Nor does it appear to allege the involvement of any named Defendant in the fraction banking scheme.

In sum, Plaintiffs have not adequately pleaded an FCA or CFCA violation. *Franklin*, 745 F.2d at 1228 ("A court may dismiss as frivolous complaints reciting bare legal conclusions with no suggestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.") However, because these claims are subject to a six-year limitation period, it is not "absolutely clear" that Plaintiffs cannot amend the complaint to state a plausible claim under the FCA or CFCA. 31 U.S.C. 3731(b); Cal. Gov. Code § 12654(a).

## C.     California Consumer Legal Remedies Act

California's Consumer Legal Remedies Act ("CLRA") proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the *sale or lease of goods or services* to any consumer." Cal. Civ. Code § 1770(a) (emphasis added). "Goods" within the meaning of the CLRA are "tangible chattels," and "services" are "work, labor, and services for other than commercial or business use,

1    including services furnished in connection with the sale or repair of goods." Cal. Civ. Code §§

2    1761(a)-(b).

3          First, it does not appear Plaintiffs can bring a CLRA claim for a mortgage. Specifically,

4    California courts have held that "loans are neither goods nor services." *E.g.*, *Alborzian v.*

5    *JPMorgan Chase Bank, N.A.*, 235 Cal. App. 4th 29, 40 (2015) ("A mortgage loan is not a good

6    because it is not a tangible chattel; it is not a service because it is not work, labor, or services ...

7    furnished in connection with the sale or repair of goods."). And federal courts in this district have

8    reached similar results. *E.g.*, *Jamison v. Bank of Am., N.A.*, 194 F.Supp.3d 1022, 1031-32 (E.D.

9    Cal. 2016) (expressly agreeing with *Alborzian* and finding mortgage services were not eligible

10   under the CLRA); *Consumer Solutions Reo, LLC v. Hillery*, 658 F.Supp.2d 1002, 1016-17 (N.D.

11   Cal. 2009) (noting that "loans are intangible goods and that ancillary services provided in the sale

12   of intangible goods do not bring these goods within the coverage of the CLRA.")

13         Second, even if the loans were eligible under the CLRA, Plaintiffs' CLRA claims are

14   untimely. A CLRA claim must be brought within three years from the date of the improper

15   method, act, or practice. Cal. Civ. Code § 1783. Here, the record seems to show that the most

16   recent activity was in 2013, approximately five years prior to Plaintiffs' filing of this complaint.

**D.     Putative Class**

18         While Plaintiffs' civil cover sheet did not indicate an intent to file in a class action

19   capacity, the body of the complaint purports to bring unspecified class claims, pursuant to Cal.

20   Civ. Proc. Code § 382. (Dkt. No. 1-1; No. 1 at 6.) It is a general rule that plaintiffs proceeding

21   pro se cannot represent a class. *See, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir.

22   2008) ("It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.]

23   § 1654 is personal to the litigant and does not extend to other parties or entities.") Thus, Plaintiffs

24   cannot act pro se in a putative class action.

**CONCLUSION**

26         For the reasons set forth above, Plaintiffs' complaint fails Section 1915 review. Plaintiffs

27   may file an amended complaint within 30 days. That complaint must include a plain statement of

28   facts in support of each claim.

8

1   Plaintiff may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor,

2   Room 2796, Telephone No. (415)-782-8982, for free assistance regarding their claims.

3   **IT IS SO ORDERED.**

4   Dated: April 20, 2018

6   _____

7   JACQUELINE SCOTT CORLEY
United States Magistrate Judge